UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>　　　Petitioner,<br><br>　　v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>　　　Respondents. | Case No. 3:23-cv-00148-RCJ-CLB<br><br>**ORDER** |

　　　In this habeas corpus action, the pro se petitioner, Marlon Lorenzo Brown, filed a motion to disqualify the Nevada Attorney General's office from representing the respondents. ECF No. 10. The Court denied that motion, without prejudice, on May 25, 2023. ECF No. 13. Brown then moved for reconsideration of that order on May 30, 2023. ECF No.14. The parties have fully briefed the motion for reconsideration. ECF Nos. 15, 16. Federal district courts have inherent authority to reconsider interlocutory rulings at any time. *See, e.g., City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration of an interlocutory order "may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1. Brown makes no showing that reconsideration of the May 25, 2023, order is warranted. The motion for reconsideration will be denied.

　　　On July 31, 2023, Brown filed a motion entitled "Motion for Release Pending Resolution/Offer to Stipulate." ECF No. 19. In that motion, Brown seeks release from custody pending resolution of his habeas petition, and he offers "to stipulate in the interest of justice to resolve this petition expeditiously." *Id*. at 2. Respondents filed an

opposition to that motion (ECF No. 20), and Brown filed a reply (ECF No. 21). Brown does not present any valid legal basis for release from custody pending resolution of this action. The Court will deny this motion.

The respondents were due on July 19, 2023, to respond to Brown's petition for writ of habeas corpus. *See* Scheduling Order, entered April 20, 2023 (ECF No. 7) (90 days for response). On July 17, 2023, Respondents filed a motion for extension of time (ECF No. 17) requesting an extension of time to September 18, 2023—a 61-day extension. Brown filed an opposition to the motion for extension of time on July 20, 2023 (ECF No. 18). This would be the first extension of this deadline. Respondents' counsel states that the extension of time is necessary because of his obligations in other cases. The Court finds that the motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for the extension of time. The motion for extension of time will be granted.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reconsider (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Release Pending Resolution/Offer to Stipulate (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 17) is **GRANTED**. Respondents will have until and including **September 18, 2023**, to answer or otherwise respond to the petition for writ of habeas corpus. In all other respects the schedule for further proceedings set forth in the order entered April 20, 2023 (ECF No. 7) will remain in effect.

DATED THIS 10th day of August, 2023.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE