UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>　　　　Respondents. | Case No. 3:23-cv-00148-RCJ-CLB<br><br>**ORDER** |

　　　　In this habeas corpus action, brought *pro se* by Marlon Lorenzo Brown, on September 18, 2023, the respondents filed a motion to dismiss (ECF No. 23), along with several exhibits (ECF Nos. 24, 25, 26, 27, 28, 29, 30, 31, 32, 34). Respondents filed three of those exhibits—Exhibits 256, 258 and 261—under seal (ECF No. 34), and they filed a motion for leave of court to do so (ECF No. 33).

　　　　Respondents' Exhibits 256, 258 and 261 include a total of 3,983 pages of material. Those exhibits are three documents, and attachments to them, filed in Brown's state court proceedings: a motion to disqualify a judge, a supplemental memorandum of points and authorities in support of a post-conviction petition for writ of habeas corpus, and a motion to clarify a minute order reversing a judge's recusal. There is no indication that any of those documents, or any part of any of those documents, was filed under seal in state court. Nevertheless, Respondents request that all the material in Exhibits 256, 258 and 261 be sealed because Brown's presentence investigation report dated April 11, 2018, "is one exhibit attached to the pleadings that [make] up Exhibits 256, 258, and 261." ECF No. 33 at 1. Respondents state that the presentence investigation report contains confidential information, and they point out that under Nevada law the contents of presentence investigation reports are not to be made a part of any public record. *Ibid*. That, though, is the only ground articulated by Respondents for their motion

to seal all 3,983 pages of Exhibits 256, 258 and 261. Brown filed a response to Respondents' motion, stating: "Petitioner does not oppose Respondents' motion; however, Petitioner would like a copy of the documents to be fled under seal, served on him, for his records as he does not have a copy of the documents." ECF No. 36 at 2.

While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5).

Brown's presentence investigation report and references to it make up only a small part of Exhibits 256, 258 and 261. Respondents' motion to seal all of Exhibits 256, 258 and 261 on account of the confidentiality of the presentence investigation report is overbroad. There is no showing of any compelling reason to seal the material in those exhibits other than the presentence investigation report and references to it.

Therefore, the Court will grant Respondents' motion in part and deny it in part. The Court will grant leave for Exhibits 256, 258 and 261 to remain under seal. However, Respondents will be required to file three additional exhibits, not under seal, with only the presentence investigation report and references to it redacted from those exhibits. Respondents will also be required to file a notice regarding those three new exhibits, identifying the locations within them where the redactions appear.

Regarding Brown's request to be provided copies of the exhibits filed under seal, Respondents filed a response, stating that they oppose his request because they are concerned disclosure of the confidential information contained in the presentence investigation report could violate Nevada Department of Corrections regulations that prohibit offenders from having access to information which, if disclosed, might endanger

the well-being of the prisoner who is the subject of the documents, or others, or that might endanger the security of the prison, and regulations that specifically prohibit production of presentence investigation reports to prisoners (ECF No. 38). Respondents' concerns are well taken. Here too, though, the only information in Exhibits 256, 258 and 261 that Respondents express concern about is the presentence investigation report and references to it. Therefore, the Court will require Respondents to serve on Brown copies of only the redacted new exhibits to be filed pursuant to this order.

Brown filed a response to the motion to dismiss on September 25, 2023 (ECF Nos. 35, 37). Respondents filed a reply to Brown's response on October 23, 2023 (ECF No. 39). On October 26, 2023, Brown filed a motion requesting leave to file a sur-reply regarding the motion to dismiss and requesting that the Court strike Respondents' reply in support of the motion to dismiss (ECF Nos. 40, 41). His proposed sur-reply is attached to Brown's motions as Exhibit A. The parties have briefed Brown's motions (ECF Nos. 42, 43).

Brown argues, in support of his motion to strike Respondents' reply in support of their motion to dismiss, that the reply was not filed in a timely manner. Brown is mistaken. Respondents filed the reply 29 days after Brown filed his opposition to the motion to dismiss. *See* ECF Nos. 35, 37 (response to motion to dismiss, filed September 25, 2023), and ECF No. 39 (reply in support of motion to dismiss, filed October 23, 2023). The scheduling order (ECF No. 7) gave Respondents 30 days to file the reply. Brown's motion to strike will be denied.

Cognizant that Brown is proceeding *pro se*, the Court will grant him leave to file his sur-reply in opposition to the motion to dismiss. The sur-reply is on file, attached as Exhibit A to ECF No. 40; Brown need not re-file the sur-reply. The Court will grant Respondents an opportunity to respond to Brown's sur-reply if they wish to do so.

1  **IT IS THEREFORE ORDERED** that Respondents' Motion for Leave to File Exhibits *in Camera* and Under Seal (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART**. Respondents' Exhibits 256, 258 and 261 will remain under seal. Respondents will have 30 days from the date of this order to file three additional exhibits containing the documents in Exhibits 256, 258 and 261, not under seal, with only the presentence investigation report and references to it redacted from those exhibits. Respondents will then have 10 days, following the filing of the three additional exhibits, to file a notice regarding those exhibits, stating the pages of the exhibits (referring to the ECF pagination of the exhibits) on which the redactions are located. Respondents will also be required, within 10 days following the filing of the three additional exhibits, to serve copies of those exhibits (with ECF pagination), and a copy of the notice to be filed regarding them, on Petitioner.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File a Sur-Reply (ECF No. 40) is **GRANTED**. The Court will consider Petitioner's Sur-Reply (attached as Exhibit A to ECF No. 40) in resolving the motion to dismiss. Respondents may file a response to the sur-reply within 30 days after this order is filed.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike (ECF No. 41) is **DENIED**.

DATED THIS 22nd day of November 22, 2023.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE