UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:23-cv-00148-MMD-CLB<br><br>ORDER |

## I.   Summary

Marlon Lorenzo Brown, an individual incarcerated at the Northern Nevada Correctional Center in Carson City, Nevada, petitions *pro se* for a writ of habeas corpus, under 28 U.S.C. § 2254. (ECF No. 8 ("Petition").) Before the Court is Respondents' motion to dismiss. (ECF No. 23 ("Motion").) The Court will grant the Motion on the ground that Brown's Petition is barred by the statute of limitations.

## II.   Background

Brown was prosecuted for crimes committed during a domestic violence incident in 2014. (ECF Nos. 24-3; 114 at 113-25.) On December 17, 2018, following a jury trial, Brown was convicted in Nevada's Eighth Judicial District Court for Clark County of twelve felonies: battery with use of a deadly weapon constituting domestic violence, two counts of battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, six counts of discharge of a firearm from or within a structure or vehicle, battery constituting domestic violence–strangulation, assault with a deadly weapon, and second-degree kidnapping with use of a deadly weapon. (ECF Nos. 109 (verdict); 28-24 (judgment of conviction).) Brown was sentenced to an aggregate of 360

months in prison with a minimum parole eligibility of 116 months. (ECF No. 28-24.) Brown appealed, and the Nevada Supreme Court affirmed his conviction on June 24, 2020. (ECF No. 30-32.)

On February 27, 2019, an amended judgment of conviction was filed, reflecting a corrected aggregate sentence of 540 months in prison with a minimum parole eligibility of 176 months. (ECF No. 28-39.)

On February 25, 2019, Brown filed a *pro se* post-conviction petition for writ of habeas corpus in the state district court. (ECF No. 28-38.) The state district court denied Brown's petition on August 7, 2019. (ECF No. 29-29.) Brown appealed, and the Nevada Court of Appeals affirmed on April 10, 2020. (ECF No. 30-20.) The remittitur was issued on July 20, 2020. (ECF No. 30-38.)

On January 31, 2020, Brown filed a *pro se* second state post-conviction habeas petition. (ECF No. 30-14.) The state district court denied that petition as procedurally barred on June 25, 2020. (ECF No. 30-33.) Brown did not appeal that ruling.

On September 25, 2020, Brown filed a counseled third state post-conviction habeas petition. (ECF No. 31-7.) The state district court denied that petition as procedurally barred on July 1, 2021. (ECF No. 31-33.) The Nevada Supreme Court affirmed that ruling on November 30, 2022. (ECF No. 32-15.) The Nevada Supreme Court denied rehearing on December 30, 2022 (ECF No. 32-17) and denied en banc reconsideration on March 3, 2023 (ECF No. 32-21). The remittitur was issued on March 28, 2023. (ECF No. 32-22.)

This Court received Brown's *pro se* federal petition for writ of habeas corpus for filing, initiating this case, on April 10, 2023. (ECF No. 1-1.) Brown's signature on the Petition is dated April 10, 2023. (*Id*. at 53.) Therefore, the Court considers Brown's Petition to have been filed on April 10, 2023. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (deeming document constructively filed when prisoner submits it to prison authorities for mailing to the court for filing); *see also Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended) (presuming document was turned over to prison

authorities for filing on date signed).

Respondents filed their Motion on September 18, 2023 (ECF No. 23), arguing that this action is barred by the statute of limitations, some of Brown's claims are not cognizable in a federal habeas corpus action, some of his claims are unexhausted in state court, some of his claims are procedurally defaulted, and some of his claims are barred by the rule of *Stone v. Powell*, 428 U.S. 465 (1976). Brown filed an opposition and then a supplemental opposition (ECF Nos. 35, 37); Respondents filed a reply (ECF No. 39), Brown filed a surreply (ECF No. 40 at 7-11), and Respondents filed a response to the surreply (ECF No. 50). The Motion is fully briefed.

### III. Discussion - Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences. The statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is tolled during the time that a "properly filed" application for state post-conviction or other collateral review is pending in state court. *Id.* at § 2244(d)(2).

In this case, the Nevada Supreme Court filed its order affirming the judgment of conviction on June 24, 2020. (ECF No. 30-32.) Brown did not petition the United State

Supreme Court for certiorari review, so his conviction became final, and the AEDPA limitations period began to run, 90 days later, on September 22, 2020. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that, when no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final 90 days after the decision of the state's highest court).

When the AEDPA limitations period began to run on September 22, 2020, Brown's first and second state habeas actions had already concluded. (ECF Nos. 30-33, 30-38.) Therefore, neither of those actions could possibly have resulted in statutory tolling of the AEDPA limitations period. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (noting that the petitioner's first state habeas petition was filed and denied before the effective date of his conviction, and that, therefore, "[a]lthough its filing would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing").

Brown's third state habeas petition was filed on September 25, 2020, three days after Brown's conviction became final (ECF No. 31-7), and that action remained pending until March 28, 2023, when the Nevada Supreme Court's remittitur from the appeal in the case was issued (ECF No. 32-22). But that petition did not toll the AEDPA limitations period because it was ruled successive and "subject to multiple procedural bars." (ECF No. 32-15 at 5-7.) *See also* 28 U.S.C. § 2244(d)(2) (tolling only for "a properly filed application for State post-conviction or other collateral review"); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (as amended) ("For tolling to be applied based on a second round [of petitions], the petition cannot be untimely or an improper successive petition."); *Argel v. Cisneros*, No. CV 22-07993 ODW (RAO), 2023 WL 9198006, at *3-4 (C.D. Cal. Dec. 14, 2023); *Wilburn v. Alison*, No. 2:22-cv-01947-DJC-JDP, 2023 WL 2089132, at *2 (E.D. Cal. June 20, 2023); *Thomas v. Pollard*, No. 20-cv-445-JES-JLB, 2023 WL 8178597, at *7 (S.D. Cal. May 25, 2023); *Thomas v. Shinn*, No. CV-22-00345-PHX-DLR, 2022 WL 18495820, at *3 (D. Ariz. Nov. 30, 2022).

Therefore, the one-year AEDPA limitations period expired on September 22, 2021.

Brown did not meet that deadline. Brown filed his federal Petition over 18 months late, on April 10, 2023.

The Court will grant Respondents' Motion on statute of limitations grounds and will dismiss this action. The Court need not reach the other arguments asserted by Respondents in their Motion.

In the caption of his opposition to the Motion, Brown includes a *pro forma* request for an evidentiary hearing. (ECF No. 35 at 1.) Brown does not explain what evidence, with any relevance to the statute of limitations analysis, he would offer at an evidentiary hearing. He makes no showing that an evidentiary hearing is warranted. The request for an evidentiary hearing is therefore denied.

**IV.     Certificate of Appealability**

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Applying the standard articulated in *Slack*, reasonable jurists would not find debatable the Court's ruling that this action is barred by the statute of limitations. The Court will deny Brown a certificate of appealability.

Despite the denial of a certificate of appealability by this Court, Brown may still pursue an appeal by filing a timely notice of appeal in this action. If he does so, the Ninth Circuit Court of Appeals will determine whether a certificate of appealability will be issued by that Court.

## V. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 23) is granted. This action is dismissed.

It is further ordered that Petitioner's Motion for Judicial Notice Pursuant to 28 U.S.C. § 1738 (ECF No. 45) and his "Motion for Judicial Notice/to Expand the Record" (ECF No. 54) are denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 4th day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE