UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:23-cv-00148-MMD-CLB<br><br>ORDER |

In this habeas corpus action, in an order entered on June 5, 2024, the Court granted Respondents' motion to dismiss, determining that this action is barred by the statute of limitations, and the Court dismissed the action. (ECF No. 55.) Judgment was entered that same date. (ECF No. 56.) *Pro Se* Petitioner Marlon Lorenzo Brown then filed a Motion to Reconsider on June 7, 2024. (ECF No. 57 ("Motion").) Respondents have filed an opposition to Brown's Motion (ECF No. 61), and Brown has filed a reply (ECF No. 62). The Court will deny the Motion.

Under Federal Rule of Civil Procedure 59(e), reconsideration of a final order is appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The Court's dismissal of this action was predicated on a finding that the statute of limitations was not statutorily tolled during the pendency of Brown's third state habeas action under 28 U.S.C. § 2244(d)(2).

> Brown's third state habeas petition was filed on September 25, 2020, three days after Brown's conviction became final (ECF No. 31-7), and that action remained pending until March 28, 2023, when the Nevada Supreme Court's

1

remittitur from the appeal in the case was issued (ECF No. 32-22). But that petition did not toll the AEDPA limitations period because it was ruled successive and "subject to multiple procedural bars." (ECF No. 32-15 at 5-7.) *See also* 28 U.S.C. § 2244(d)(2) (tolling only for "a properly filed application for State post-conviction or other collateral review"); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (as amended) ("For tolling to be applied based on a second round [of petitions], the petition cannot be untimely or an improper successive petition."); *Argel v. Cisneros*, No. CV 22-07993 ODW (RAO), 2023 WL 9198006, at *3-4 (C.D. Cal. Dec. 14, 2023); *Wilburn v. Alison*, No. 2:22-cv-01947-DJC-JDP, 2023 WL 2089132, at *2 (E.D. Cal. June 20, 2023); *Thomas v. Pollard*, No. 20-cv-445-JES-JLB, 2023 WL 8178597, at *7 (S.D. Cal. May 25, 2023); *Thomas v. Shinn*, No. CV-22-00345-PHX-DLR, 2022 WL 18495820, at *3 (D. Ariz. Nov. 30, 2022).

(ECF No. 55 at 4.)

Brown argues in his Motion that the procedural rules cited by the Nevada Supreme Court to bar his third state habeas action were not "adequate and independent," primarily because the Nevada Supreme Court did not specify which of the state procedural rules applied to which of his claims. Brown cites *Koerner v. Grigas*, 328 F.3d 1039 (9th Cir. 2003), and *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002). But that concept, represented in this circuit by the *Koerner* and *Valerio* cases, is applicable to the procedural default defense in habeas cases, not to the statute of limitations defense. *See White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("[T]he adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was 'properly filed' for purposes of section 2244(d)(2) . . . White's reliance on procedural bar case law is misplaced."); *Camargo v. Ryan*, No. CV-13-02488-PHX-NVW, 2015 WL 926204, at *1 (D. Ariz. March 4, 2015); *Hunt v. F.B.O.P.-Cal. D.O.C.*, No. CIV S-09-3454 EFB P, 2011 WL 666856, at *2 (E.D. Cal. Feb. 11, 2011). Brown's argument is inapposite. The Court did not commit clear error. The Court will deny Brown's Motion.

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows.

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Applying the standard articulated in *Slack*, reasonable jurists would not find debatable the Court's denial of Brown's Motion. The Court will therefore deny Brown a certificate of appealability with respect to this Order.

Despite the denial of a certificate of appealability by this Court, Brown may still pursue an appeal by filing a timely notice of appeal in this action; if he does so, the Ninth Circuit Court of Appeals will determine whether a certificate of appealability will be issued by that Court.

It is therefore ordered that Petitioner's Motion to Reconsider (ECF No. 57) is denied.

It is further ordered that Petitioner is denied a certificate of appealability with respect to the ruling in this Order.

DATED THIS 9th day of July 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE